**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, | ) ) ) ) ) ) ) ) ) ) | Case No. Judge: Magistrate Judge: |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Beaver Concrete, LLC, an Iowa corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), bring this action to collect contributions and dues from Defendant Beaver Concrete, LLC, an Iowa corporation ("Beaver Concrete" or "the Company").

**COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS**
**Facts Common to All Counts**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor-

Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Beaver Concrete is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Cincinnati, Ohio (Exhibit A).

3. On April 3, 2023, Beaver Concrete, through its owner, Michael T. Steward, signed two Memoranda of Agreement ("MOAs") (Exhibit B) with the Union that adopted the terms of collective bargaining agreements ("CBAs") known as the Heavy, Highway and Underground Agreement and the Building Agreement between Local 150 and the Associated Contractors of the Quad Cities, both currently effective June 1, 2023, through May 31, 2027 (excerpts attached as Exhibits C and D, respectively).

4. The CBAs and the Agreements and Declarations of Trust incorporated therein require Beaver Concrete to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

5. The CBAs and Trust Agreements specifically require Beaver Concrete to:

    (a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

    (b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of 10 percent of untimely contributions, or 20 percent of such contributions should the Funds be required to file suit;

    (c) pay interest to compensate the Funds for the loss of investment income;

    (d) make its payroll books and records available to the Funds for the

        purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)     pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)     furnish to the Funds a bond in an amount acceptable to the Funds.

6.     The CBAs further require Beaver Concrete to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Beaver Concrete does not do so, the Union is entitled to liquidated damages, attorneys' fees, and any other cost of collection.

7.     Beaver Concrete has become delinquent in the submission of its reports and contributions due the Funds, and reports and dues to the Union. As a result of this delinquency, it owes the Funds contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

## Jurisdiction and Venue

8.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statute.

9.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

10.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

11. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports, or submitted reports without accompanying payment, so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

12. Beaver Concrete has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to submit its reports, or submitted reports without accompanying payment, and thus has failed to submit fringe benefit contributions timely to the Funds, and refused to pay liquidated damages and interest that have accrued.

13. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Beaver Concrete, there is a total of $44,179.23 known to be due the Funds from Beaver Concrete, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

(a) enter judgment in favor of the Funds and against Beaver Concrete for all unpaid contributions as identified in Beaver Concrete's contribution reports;

(b) order Beaver Concrete to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

(c) order Beaver Concrete at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Beaver Concrete owes additional sums to the Funds, and pay the costs of such an audit; or alternatively, at the Funds' option, require Beaver Concrete to pay any contributions reasonably estimated to be due by the Funds for the period

            when Beaver Concrete failed and refused to timely submit contribution reports;

(d)     enter judgment against Beaver Concrete and in favor of the Funds for liquidated damages, interest, attorneys' fees, and costs associated with all delinquent contributions;

(e)     provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Beaver Concrete's cost.

### COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-7.     CRF re-alleges and incorporates herein by reference paragraphs 1 through 7 of Count I as if fully stated herein.

### Jurisdiction and Venue

8.     This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1331.

9.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

10.     Beaver Concrete has not submitted all of its contribution reports to CRF. Beaver Concrete has failed to make timely payment of all contributions acknowledged to be due according to Beaver Concrete's own contribution reports and the CBAs, and Beaver Concrete has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Beaver Concrete is in breach of its obligations to the CRF under the CBAs.

11.     That upon careful review of all records maintained by CRF and after application of any and all partial payments made by Beaver Concrete, there is a total of $1,112.07 known to be due to CRF from Beaver Concrete subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

(a) order Defendant to submit all delinquent monthly contribution reports;

(b) enter judgment in favor of CRF and against Defendant for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees, and costs, including any amounts estimated to be due in view of Defendant's failure to submit all contribution reports required by the CBAs;

(c) enjoin Defendant to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

(d) award CRF such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT III. SUIT TO COLLECT UNION DUES

1-7. The Union re-alleges and incorporates herein by reference paragraphs 1 through 7 of Count I as if fully stated herein.

### Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

9. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

10. Beaver Concrete has not submitted all of its dues reported to the Union. Beaver Concrete has failed to make timely payment of all dues acknowledged to be due according to Beaver Concrete's own reports and the CBAs. Accordingly, Beaver Concrete is in breach of its obligations to the Union under the CBAs.

11. That upon careful review of all records maintained by the Union and after application of any and all partial payments made by Beaver Concrete, there is a total of $793.55

known to be due to the Union from Beaver Concrete, before the assessment of fees and costs subject to the possibility that additional contributions will become due while this lawsuit is pending.

      WHEREFORE, the Union respectfully requests that the Court:

(a)     order Beaver Concrete to submit all delinquent monthly dues reports;

(b)     enter judgment in favor of the Union and against Beaver Concrete for all unpaid dues, including any amounts estimated to be due because Beaver Concrete failed to submit all dues reports required by the CBAs;

(c)     enjoin Beaver Concrete to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

(d)     award the Union such further relief as may be deemed just and equitable by the Court, all at Beaver Concrete's cost.

Dated: January 16, 2026                 Respectfully submitted,

                                             By:   /s/ Catherine Schlabowske
                                                     One of the Attorneys for Plaintiffs

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Catherine Schlabowske *(cschlabowske@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663
Fx. 708/588-1647

Attorneys for the Funds:
Catherine Schlabowske *(cschlabowske@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph. 708/579-6601
Fx. 708/588-1647